UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                          Chapter 11
                                                                Case No. 16-74897
    **945 LITTLE EAST NECK ROAD LLC**            (Joint Administration Pending)

                Debtor.

-------------------------------------------------------------X

In re:                                                          Chapter 11
                                                                Case No. 16-74898
    **956 LITTLE EAST NECK ROAD LLC**            (Joint Administration Pending)

                Debtor.

-------------------------------------------------------------X

In re:                                                          Chapter 11
                                                                Case No. 16-74896
    **1041 LITTLE EAST NECK ROAD LLC**           (Joint Administration Pending)

                Debtor.

-------------------------------------------------------------X

## AFFIDAVIT PURSUANT TO LOCAL RULE 1007-4 OF THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK

Muhammet Ozen, being duly sworn, deposes and says:

1.      I am a Member of **945 Little East Neck Road, LLC** ("945 LENR"), **956 Little East Neck Road, LLC** ("956 LENR"), and **1041 Little East Neck Road, LLC** ("1041 LENR") (hereinafter referred to as the "Debtors") and I submit this Affidavit in accordance with Local Bankruptcy Rule 1007-4.

2.      **Description of Debtor and Events Leading to Chapter 11 Filing, and Prior Filings.**  The Debtors are New York limited liability companies, each engaged in the

business of operating a different gasoline service station along a stretch of Little East Neck Road, West Babylon, New York.  The Debtors have owned these businesses since 2005. Each gas station primarily sells gas, but like most gas stations today, each also sells convenience store items such as beverages, cigarettes, snacks and lottery tickets. In addition, one of the gas stations, 956 Little East Neck Road, has mechanic bays which that Debtor rents out.

While each of the Debtor companies are separate entities, the Debtors are owned by the same three members, conduct essentially the same business operations,  and share several creditors and vendors.

The Debtors purchased the gas station businesses in early 2005 using financing provide by Nara Bank, now known as BBCN Bank.  The Debtors refinanced that loan in 2009.  BBCN Bank has a security interest in all of the Debtors' assets.

In or about 2009, two of the Debtors, 945 LENR and 1041 LENR, entered into a gasoline supply contract to obtain fuel from Benit Fuel Sales and Service, Inc. ("Benit"), a wholesale gasoline distributor located on Long Island.  Pursuant to that supply contract, Benit would "brand" the gas stations by placing signage and marketing materials for a certain retail brands on each gasoline service station.  Initially, Benit branded the these Debtor's gas stations with premium, nationally-advertised major oil company brands as follows: Benit branded 945 LENR as a Getty station, and it branded 1041 as a Luke Oil Station.  The branding included large outdoor signs and other advertising and marketing materials.   The advantage with premium branding is that it results in instant name recognition with consumer customers, many of whom prefer to make purchases of well-known, nationally-advertised gasoline.

However, a few years later, Benit unilatererally changed the branding of these gas stations from premium brands to non-premium brands with little or no name recognition. It changed 945 LENR from Getty to Wave, and it changed 1041 LENR from Luke Oil to Gulf.  As a result of the branding changes, which were made without these Debtors' consent, these Debtors lost a significant amount of business which resulted in greatly-reduced income, eventually causing serious financial cash flow problems.

In addition, Hurricane Sandy, which occurred in or about November 2012, prevented Debtors from operating for a period of time as they were without electricity for several weeks.  To compound this problem, the Debtors received very limited fuel supplies for resale for an extended period thereafter.  This, too, resulted in a substantial loss of revenue, further contributing to Debtors' financial cash flow problems.

As a result of their financial difficulties, Debtors fell behind with their sales tax obligations to the New York State Department of Taxation and Finance ("DTF"), who also conducted a sales tax audit in 2012.  As a result of these audits, DTF commenced collection proceedings and threatened to close Debtors' businesses.  The Debtors are also engaged in litigation with Benit.  Benit has sued them, alleging that these Debtors have unpaid balances.  These Debtors have brought counter-claims, alleging breach of contract and that Benit's improper actions caused these businesses to lose revenue.

As a result of pressures place upon them by DTF, the Debtors previously filed for Chapter 11 relief on December 1, 2014 in this Court to afford them with the opportunity to restructure their debts in a way that would permit it to pay its creditors and continue to operate its businesses.

Debtor 945 LENR filed under case no.8-14-75366-las; 956 LENR filed under case

no.8-14-75367-las; and 1041 LENR filed under case no.8-14-75368-las (hereinafter referred to as the "Prior Cases").  Ron Weiss, Esq. was prior counsel to the Debtors in the Prior Cases ("Prior Counsel").  Prior Counsel in the Prior Cases failed to timely submit orders granting an extension of time to confirm a plan.  Consequently, the Debtors were incapable of confirming plans of reorganization in the Prior Cases rendering those cases futile and ineffective.  Prior Counsel brought motions seeking to dismiss the Prior Cases for this reason.  The Court granted those motions and dismissed the Prior Cases on or about September 20, 2016.  There was a clear understanding that the Debtors would re-file their cases to obtain the Chapter 11 relief they initially sought in the Prior Cases.

3.     **Summary of the Debtors' Assets and Liabilities.**  The primary assets of each Debtor consist of cash on hand, accounts receivable, gas and convenience store inventory, machinery and equipment, and the value of their leasehold interests.    In addition, the Debtors engage in inter-company transfers and there are consistently positive and negative balances between them.

4.     **Prior and Pending Litigation.**  As indicated above, Benit brought a collection action against Debtors for gasoline that it provided to them.  The Debtors brought counter-claims against Benit,  alleging that it caused the Debtors to lose revenue by improperly changing the branding on Debtor's gasoline stations.

5.     **Creditors and Claims.**  There are two secured creditors.  BBCN Bank holds a security interest in all of the Debtors' assets.   DTF holds secured claims against each Debtor, although, based on prior negotiations, it is anticipated that DTF will agree to instead, have their claims treated as a priority claims.  There are fewer than 20 unsecured creditors in each case.  All unsecured creditors are listed on the Schedule of the 20

Largest Unsecured Creditors attached to the petition.

6.    **Small Business Debtor.**  The debtor is a small business debtor within the meaning of Bankruptcy Code § 101(51D).

7.    **Publicly Traded Equities.**   No shares of stock, debentures or other securities of the Debtors are publicly held.

8.    **Debtors' Business Locations.**  The Debtors conduct their retail business from their respective gasoline service station locations at 945, 956, and 1041 Little East Neck Road, West Babylon, New York.

9.    **Books and Records.**  The books and records for all Debtors are located at 945 Little East Neck Road, West Babylon, New York.  None of the assets of the Debtors are located outside the territorial limits of the United States.

10.    **Management.**   The Debtors are managed by their three principals, Muhammet Ozen, Josephine Todaro and Turgut Ozen, and they have done so since 2005. All are extremely familiar and experienced with the business of running and operating multiple gasoline stations.

11.    **Employees.**  The Debtors have the following numbers of employees:

| | |
|---|---|
| 945 LENR | 3 employees |
| 956 LENR | 2 employees |
| 1041 LENR | 3 employees |

12.    **Employees and Thirty-day Payroll.**  The Debtors' estimated gross weekly payroll (exclusive of officers, directors, partners and shareholders) for the thirty day period following the filing of the chapter 11 petition will be:

| | |
|---|---|
| 945 LENR | $ 1,850 |
| 956 LENR | $   610 |

1041 LENR          $ 4,414

13.    **Salary of Officers.**  The amount now being paid and proposed to be paid by the Debtor as salary to its officers, directors, partners and stockholders for the thirty day period following the filing of the chapter 11 petition will be:

    945 LENR          $ - 0 -   per week
    956 LENR          $ - 0 -   per week
    1041 LENR         $ - 0 -   per week

13.    **Thirty-day Operating Expenses.**  The estimated additional operating expenses for the thirty (30) day period following the filing of the petitions are:

    945 LENR          $ 305,263
    956 LENR          $ 113,179
    1041 LENR         $ 256,050

14.    **Thirty-day Profits and Losses.**  The Debtors anticipate that they will earn the following profits from the operation of their businesses during the thirty day period following the filing of the Chapter 11 petition:

    945 LENR          $ 4,346
    956 LENR          $   397
    1041 LENR         $ 5,103

15.    **Debtors-in-Possession.**  The Debtors desire to continue the operation of their businesses.  It is in the best interests of the estate and its creditors to have the Debtors operate their businesses and continue in possession of their properties as debtors-in-possession while negotiations toward a plan of reorganization are undertaken.

16.    **Debtors' Principals.**  Each Debtor is owned by the same three members. With regard to 945 LENR, Turgut Ozen owns 10% of the outstanding stock.  Muhammet Ozen owns 45% ; and Josephine Todaro owns 45% of the outstanding stock.

With regard to 956 LENR and 1041 LENR, Turgut Ozen owns 1% of the outstanding

stock in each of these Debtors.    Muhammet Ozen owns 49.5% of the outstanding stock in each of these Debtors.  Josephine Todaro owns 49.5% of the outstanding stock in each of these Debtors.

These individuals have been the sole members of the company since its inception in 2005.    During this time, each of them has been responsible for the day-to-day management of the businesses and it is they who have also been responsible for all major decisions affecting these corporate ventures.

17.    **Creditors Committee.**  No creditors committee was formed prior to filing of the bankruptcy.  No creditors committee was formed during the Prior Cases.

18.    **Cash Collateral**.  Pursuant to the security agreement with secured creditor, BBCN, the Debtors' cash and cash equivilants are cash collateral.  It is my understanding that my attorney has an agreement with counsel for BBCN that Debtors may use cash collateral for ordinary business purposes for the first week after the filing of the bankruptcy petitions while counsel work together in good faith to finalize a stipulation permitting use of cash collateral to be submitted to the Court for approval, and if the parties are unable to reach such an agreement within one week, then we will bring a motion seeking to use cash collateral.

18.    **Objectives**.  As stated above, the Debtors' main objective in their Chapter 11 cases is to obtain the "breathing room" necessary to allow them to confirm Chapter 11 plans, and make distributions to their creditors.  Debtors believe that they will be able to successfully meet their objective and successfully emerge from chapter 11 pursuant to successful plans of reorganization.

/s/ Muhammet Ozen

_____

Muhammet Ozen

Sworn to before me this 19th

day of October, 2016

/s/ Craig Dennison Robins

_____

NOTARY PUBLIC

Z:\CLIENTS\L\Little East Neck Road Chap 11\945 LENR - Main Case\Chap 11 Rule 1007-4 Aff 10-505-16.LENR.wpd